Is 24-13-22 in Re 720 Livonia Developments. Thank you. Good morning, Your Honor. It's Kevin Nash for the appellant. Your Honor. This appeal centers on the privity rules on of regarding the doctrine of res judicata. I read the rules that when you apply res judicata between a corporate corporation and its principal is not an absolute rule that if there's a ruling against the principal that goes against the corporation and vice versa. Well, can you help me out as to when why the rule wouldn't apply here in a case where this is not just the principle of a corporation where the majority owner or an executive? This is the sole member of the limited liability company. It's it's him, right? It's him. He was the controlling member. So why would we not apply? First of all, why would we not say he's in privity but taking a step back in the state court action? He's there. He brought that action in his own personal name. The state court wound up saying, oh, well, you know, this money comes from Milokim and not from you and decides the case against him on that grounds. Now, could he not have offered evidence in that proceeding to explain that Milokim was him? Well, that is the issue that I want to address. The company was not a party to the litigation. Well, yes, yes, yes. But he was a party to the litigation. Was it not what prevented him from putting in evidence that that check effectively came from him because it comes from the corporate account, but he is the sole member of that corporation. Why what prevented him from doing that? I believe he did that. He put in a copy of that check. It was acknowledged by both the defendant in the court. We accept the fact that $500,000 was received towards this project. But did he point out or did he offer anything that indicated to the court that he was the only person who had any say about what Milokim paid or didn't pay? No, he didn't. And that's the concern. And I appreciate the concern. But the reason that didn't didn't happen is because it was acknowledged that the money was paid and received toward the project. In the unjust enrichment decision, that one aspect of the decision, the court said, even though he did testify, he contributed the money. The court says, I can't do anything about unjust enrichment because the company's not here. And so they left it at that. Obviously, he had an unjust enrichment claim, but it was determined and it was kind of out of left field that I cannot make the link of privity. So you're basically saying that the judge in the state court got it wrong? No, I think the judge in the state court didn't apply any privity analysis. He doesn't have to apply any privity analysis. The issue is what the state court had to do was decide whether this money should go back to the plaintiff. I don't know if you got it wrong. I think the decision says Mnuchin's not here. So I'm not going to adjudicate Mnuchin's rights. I think that's the import of that decision. They're not here. You're not Mnuchin, the judge says, you're not Mnuchin. So I'm not going to adjudicate that right of a party not here. And that is the irony of this case. There was no privity between Mnuchin and the principal in the state court. And yet the privity rules hit us in the face in the bankruptcy court because it was determined that once the company and the principal are together, that's an absolute privity argument. And that's what I think is wrong. I think you have to look at it on a fact-by-fact basis. You have to get back into the Supreme Court test and the exceptions. You have to get back into this court's analysis of whether or not there's adequate representation under the due process two-part test. And I don't think we have adequate representation. Landau cared about one thing, that he was a partner in the enterprise. Well, he also cared about getting his $500,000 back. That was what he asked for. No, there was a claim for unjust enrichment. But that claim was determined didn't belong to Landau. And why couldn't he have brought the case in the first place as Landau and Malukian? Whether he would, but that's not how you in my mind. No, that is how you do it. When it's claim preclusion. The issue is the earlier suit precludes do a do-over for any claim that was or could have been brought in that same action. But the way I understand the rules of due process is was there adequate representation? Malukian was not a party. So I don't know. I don't think it was a maneuver that Malukian was not a party. I think Landau was just a choice. Mr. Landau is the person who is the real party and interest. He brings this action and he failed to litigate it. Well, I guess he could have brought a claim. I mean, he has the authority to authorize a lawsuit by Malukian. He could have brought that in the first place. He didn't, but the flip side takes the consequences because he'd had this. He has one shot to do this. But the flip side in my mind is the ruling of the state court was I'm not saying Malukian is entitled to the money back. It actually said assuming that there's unjust enrichment. The one that is what was lost on the enrichment was Malukian and they're not here. Suppose that sort of gets to the difference between issue preclusion and claim preclusion, right? If we were looking at issue preclusion, I think you'd clearly win because Malukian's entitlement to that wasn't adjudicated. But I think the question as to claim preclusion isn't whether the court adjudicated Malukian's interest. It's whether there was sufficient privity that we essentially hold the sole owner of the LLC accountable for asserting Malukian's interest in that. But what happened here, you're holding him accountable for not only what he did, but what he didn't do. Yes. Yeah, yeah. That's what claim preclusion means. I got it. But here is what I'm trying to indicate to you. Before you get to that, I think you do have to look at the due process and whether there was an adequacy of representation and whether they were aligned, the interests were aligned. That whole case. Why weren't there? What was the conflict of interest between Landau and his own individually owned and operated limited liability company? The difference was the Landau claim was based upon he's a partner. He made an investment. He was denied a partnership opportunity. He was a part owner of the property. Well, but he did also make an adjustment enrichment claim and one of his prayers for relief was disgorgement of the $500,000. It wasn't fair for that and he probably would have won. That's the irony here. He would have won that claim. Yeah, but the court said Molution's not here. He didn't say it's dismissed and Molution doesn't have a claim as well. I think the implication is there. Molution had that claim. Well, but the argument then or what your client easily could have said is, but I am Molution and demonstrated that. I mean, he had both the opportunity and the motivation to do it given that Molution's loss was ultimately his loss. I understand what you're saying. However, during the heat of the battle in the trial. The acknowledgement was made that the $500 is received and went to the project. It wasn't an issue. The trial focused upon the partnership dispute after the fact you get the decision and the decision says on the $500,000 which was a conceded. Sorry, that money is not here because Molution's not a party. Now. I don't want to be the dead horse. I do that as if I was in the state court. And again, there was a bankruptcy that cut off any further litigation. Molution could have went right back into the state court and said I have a claim. My claim is $500,000 the bankruptcy prevented that but it was if he had done that he would have been faced with the same claim preclusion issue in the state court that he faced in the federal court, which is you could have brought this up. You're splitting your claims here in a way that creates two cases when there was really only one. Well, I understand you can't you were saying you can't split claims. You can't have successive litigations. I accept all that. I am not challenging that you can't challenge what I am saying here is look what really happened. The money is conceded they get a decision out of left field salt and somewhat that there is no reimbursement even though you're not a partner, even though you gave the money, there's no reimbursement. Why because Molution's not a strictly a party. Now the court could have said yes, the court went a little further the courts not only said because they're not a party. It's because the course that you haven't you haven't given us enough evidence to discern what their relationship is to this this issue it at least I thought it was just a little bit. I'll tell you what. Let's let's do this. I think we've got got a good sense of your eyes. We're going to hear from you again. So why don't we let Attorney Pena? Yes, are you next? Good morning, Your Honors Melissa Pena from the law firm Norris McLaughlin on behalf of the appellee 720 Livonia operations LLC as Justice Lynch pointed out. This is a clear case of res judicata. There is no constitutional issue here under Taylor. There's no due process violation.  Landau had every opportunity to name Malukum his wholly own limited liability company as a plaintiff in the state court action. Let me just step back. I understand the the legal rules that apply here, but but in the big picture, nobody's disputing that $500,000 were given to your client or some entity owned by your client for the purchase of these property with with with the quid pro quo and and and the consequence of this sort of parsing of claim preclusion that we're doing here is that that your client gets $500,000 free and clear as I understand it because somebody made a bad litigation choice in the state court. Is that a fair characterization of how this all sugars off? I would respectfully disagree your honor the $500,000. The only evidence in the record was that it was provided to CS construction, which was a member of one of the debtors. There is no evidence in the record that that money was ever provided to the debtors nor is there any evidence, but there's a there's a there's a contract that was actually executed after the transfer of the money that says that money that has been paid is for purchase of this property for a partnership and then the prop and the property gets purchased. Certainly one could infer that the $500,000 that was acknowledged in that contract as having been paid for the purchase of the property was in fact as acknowledged in the contract paid for the purchase of that property without tracing the checks from account to account. We would disagree your honor. First of all, that contract was not between Mr. Lando and the debtors. It was between non-party Shaskel Strulevich and there was no evidence in the record submitted to show that the money went towards this property. They had an ample opportunity in the connection with the bankruptcy case to take discovery on that issue. They could have subpoenaed the records from Mr. Strulevich. They could have subpoenaed the records from the Chapter 7 trustee. There's been no evidence to establish that the funds were given to the debtor or even utilized to purchase this property and I suppose you wouldn't claim that he's precluded from going after the entity to which the check was originally provided since that it isn't a different isn't a debtor here in this bankruptcy. That's correct. Your honor CS construction was the entity that received the funds and our position is that they would have no they we don't take the position that that claim is waived as to CS construction, but you know, I don't think that there's a due process violation here. They had every opportunity to adjudicate this claim. And as your honor noted the state court didn't just say your claim fails because Malukum is not here. The state court said and this is at JA 164. No evidence was provided about the nature of Malukum Holdings LLC, but it is not it is clearly not Chaim Landau the only plaintiff in this action. So not only did they have the opportunity to name Malukum as a plaintiff in the state court the action they the opportunity to present evidence of the relationship and that Mr. Landau caused Malukum his wholly owned company to fund the $500,000 on its behalf the failure to do so bars them from proceeding now right and ultimately well, I appreciate your argument that this isn't so unfair for all the reasons that you've said but the whole point of claim preclusion is to avoid our having to decide the correctness of those arguments that you made because this is what happens with race judicata. Sometimes the first court got it wrong for whatever reason and if it becomes a final judgment it binds the parties and their privies correct your honor and that was recognized by the bankruptcy court now my colleague here says that no evidence was submitted concerning the relationship between Malukum and Mr. Landau because there was acknowledgement of the funds, but I want to parse something out here. There was no acknowledgement nor can he point to anything in the record as to the relationship between Malukum and Mr. Landau. So they had every incentive and should have submitted evidence as to that relationship unless your honors have any other further questions. We rely on our papers. Thank you. Thank you. I think I think it was well said it was a poor litigation choice in terms of how this case was tried and in retrospect Malukum could have been a party. They weren't and so the real issue before for race judicata is they weren't a party. They weren't adequately represented. They didn't control the litigation when you say they were no, but I mean, this is I don't understand this you say they weren't a party. That's true. You say they weren't adequately represented. They were poorly represented, but they were represented by the only person who matters here, which is Mr. Landau, right? I mean, there's no this is not the case that we've got other shareholders or other people whose interests were somehow at odds with the person who controlled the litigation. There is nobody here except Mr. Landau judge. I would I would just say to that the cases I've seen and I've seen they speak very clearly about the adequacy of the representation, but that doesn't but the adequacy of the excuse me. I'm sorry. I had to interrupt but maybe this is what I'm focusing on and I'd like to answer it adequacy of representation doesn't mean that the lawyer did a good job or not adequacy of representation means is the person controlling that litigation someone with the same interests at heart, but that's one aspect of it. I would say it's whether or not precautions were taken to protect that non-parties rights and whether there is a substantial opportunity to protect the non-party right. So bad representation inadequate representation. I understand what you're saying, but I hope you understand what I'm saying. It wasn't actually presented to the court and the frustrating part. The whole case is frustrating. Molution was the sole petitioning credit without Molution. You don't have a surplus very frustrating. It wasn't prevented. But the way I read that is had Molution come in the next day. Which they couldn't because it was intervening bankruptcy. They would have got that $500,000 back and that's where we are. We lost in the state court because they didn't find any privity. We lose in the bankruptcy court because they found privity at the end of the day. The only entity that didn't get any paid payments out of this bankruptcy is the one that brought it and saved the day for creditors. Yeah, I want to one thing that you said though that I think is significant because it goes to the I guess probably would be issue preclusion. The state court didn't find that there was no privity. It didn't say evidence has been presented and based on this evidence. We conclude that it's a distinct entity. The state court identified a failure of proof on the part of the party who bore the burden that the privity determination that was later made was then based on an actual record of  So I'm not sure those two are as intention as they seem. Well, I'm reading we're all reading what a one line or one sentence line in the trial meant. I read it when he says one thing is for sure. You're not Molution is not Landau. I read that meaning that I'm not accepting you or you are Interchangeable and Molution is not here to make that claim. But I yeah, I thought I thought you acknowledged that Mr. Landau didn't try to make the argument that he was Molution. Again, maybe another bad trial decision once they acknowledged it and they did acknowledge it in the record on JA 130 where the court says there is an acknowledgement of 500,000 was paid and then the attorney said you want copies of the checks and the court says you don't need it. So they went on to what the focus of the case was about was due to the partnership dispute. So that's in the in the record. So yes, Monday morning quarterbacking is great. Okay, but when you apply raise you to Carter, I think you need to meet all those various elements and I don't think they were met here, but I appreciate your time. Thank you for your arguments. Both of you will take this case under advisement.